The Honorable W.D. Childers Senator District 1 211 Senate Office Building Tallahassee, Florida 32299-1100
Dear Senator Childers:
Thank you for considering this office as a source for assistance in determining whether Senate Concurrent Resolution 657, adopted by the 1986 Legislature, granted any additional rights to the Florida Tribe of Eastern Creek Indians.
Based upon the following, I am of the opinion that Senate Concurrent Resolution 657 did not confer a status on the Florida Tribe of Eastern Creek Indians which would allow them to engage in commercial bingo activities that they might otherwise have been precluded from engaging in.
Senate Concurrent Resolution 657 provides in part that the "State of Florida recognizes and honors the Florida Tribe of Eastern Creek Indians and the great history and present accomplishment of a proud and wonderful people." The resolution does not, in my opinion, grant any additional rights to the Eastern Creek Indians but merely acknowledges their presence in Florida. Moreover, the resolution, which merely expresses the will or opinion of the Legislature does not have the force of law.[1]
You refer to Seminole Tribe of Florida v. Butterworth[2] and California v. Cabazon Band of Mission Indians[3] as two federal cases in which the state's ability to regulate bingo on Indian reservations was limited. In Butterworth, the Court held that the state's bingo laws were not applicable to the operation of a bingo hall on the Indian reservation. In Cabazon, a similar result was reached regarding the application of California's statutes on bingo to the Cabazon Band of Mission Indians, a federally recognized Indian Tribe, on the reservation. In order for the Creeks to avail themselves of the exemption enjoyed by the Seminole Tribe of Florida, it appears that the Creeks would have to be a federally recognized tribe or at least operate the bingo hall on reservation land. Recognition by the State of Florida would not appear to grant the Creeks any additional rights or status for purposes of conducting commercial bingo activities on nonreservation land.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Black's Law Dictionary, Resolution 1474 (4th rev. ed. 1968) ("the adoption of a motion, the subject-matter of which would not properly constitute a statute; such as a mere expression of opinion; . . . a vote of thanks. . . ."). Cf., 62 C.J.S. Municipal Corporations s. 411, stating: A resolution has also been distinguished from an ordinance in that an ordinance is a continuing regulation, a permanent rule of conduct or government, while a resolution ordinarily is an act of a special or temporary character, not prescribing a permanent rule of government, but is merely declaratory of the will or opinion of a municipal corporation in a given matter, and in the nature of a ministerial or administrative act, and is not a law.
[2] 658 F.2d 310 (5th Cir. 1981), cert. denied, 455 U.S. 1020
(1982).
[3] 107 S.Ct. 1083 (1987).